Harree, Chancellor.
We concur with the Chancellor, that the transcript of the judgment recovered in Georgia would not have been admissible in evidence in an action against the administrator here. This is very fully sustained by the case of Lightfoot v. Bickley, referred to — as well as by expediency and- analogy. As said by the Chief Justice of Pennsylvania, in that case, “ Did an administrator represent the person of the intestate without *qualification or restriction, the plaintiff’s -I argument would be incontrovertible ; but it is clear that his commission extends only to assets of which the Ordinary had jurisdiction.
It was surmised that the decision may have turned on the circumstance that the judgment was one of a jurisdiction altogether'foreign. But by common law, a foreign judgment is prima facie evidence, though its merits may be inquired into. It was not because the judgment was foreign, but because it was against a person with whom the defendant in Pennsylvania had no privity. The Chief Justice speaks of an unexampled spirit of comity exercised in Pennsylvania, by which the administrator of another State is allowed to meddle with the assets there, and which he supposes likely to be attended with much perplexity and confusion.— But no such comity has ever obtained in this State, and it is plain that it might be attended with very mischievous consequences. A person having a doubtful claim, even a citizen of this State, might resort to another State where the deceased person happened to have left goods, and procure administration to be granted to an instrument of his own; and avoiding appearances which would show and detect fraudulent collusion, such an administrator might betray the defence, so as to enable the claimant to recover. Even if the judgment were open to investigation, the bona fide administrator here, might find the greatest difficulty in impeaching it, and it would be a hardship that such burden should be imposed on him. But according to our decisions, under the Constitution of the United States, requiring full faith and credit to be given to the judicial proceedings of other States, the judgment, if admitted at all, must be conclusive.
Though not made specifically a ground of appeal, it was urged in argument that the debt on which the judgment was founded was sufficiently established by the admission of the answer and the testimony of a witness, and that the assignment of the judgment must, in equity, operate an assignment of the debt, But to this there are various objections. *471 That case was not made by the bill; nothing was charged as to the original indebtedness, nor was the plaintiff called upon to meet that case. The part of the answer relied upon, was plainly intended to impugn the judgment, and not to admit any thing respecting the original indebtedness. The examination of the witness was directed to the same point — the consideration of the judgment. Something is incidentally ^brought out, which might seem to bear on the original indebted- pg-^ ness; but plaintiff’s examination was not directed to this: and L even if it had been, the witness states only his belief without the grounds of it, and plainly, his testimony is too vague to authorize any conclusion.
The plaintiff comes to set aside a voluntary conveyence for fraud. To sustain Ms bill, it was incumbent on him to show at the hearing, that a debt existed at the time of the conveyance, and that the creditor will be disappointed unless it be set aside. He must, coming into this Court, establish it by such evidence as would be sufficient to establish it in an action against an administrator here. It might not be necessary to show the entire extent of the indebtedness ; but the plaintiff has failed to show any indebtedness ; though he states himself, to have received about $2000. Having failed to make out his case, the Court cannot, upon an hypothesis, or surmise that perhaps he may have a sufficient case, direct a further inquiry on reference. The defendant has a right to require the dismissal of his bill, so far as respects this part of the case.
The decree is affirmed.
Chancellors De Sausstjre, Johnson, and Johnston, concurred.